**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 21-CR-077-S-DCR**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**vs.**                                    **SENTENCING MEMORANDUM**

**JAMES GARFIELD CHARLES**                                               **DEFENDANT**

**\* \* \* \* \* \***

Defendant James Charles, by counsel, respectfully submits this Sentencing Memorandum in support of a sentence that is "sufficient but not greater than necessary to comply with the purposes" of 18 U.S.C. § 3553(a).

### INTRODUCTION

Mr. Charles was found guilty on counts 1, 2, 3, 4, 6 and 7 of the superseding indictment. The conviction arises from the distribution of controlled substances, as well as for using a firearm in furtherance of drug trafficking and for being a felon in possession of a firearm.

The Sentencing Guidelines submitted by the Probation Office assign Mr. Charles a total offense level of 40, followed by a minimum term of imprisonment of imprisonment of five years, consecutive to any other term of imprisonment.  Mr. Charles' criminal history category is III.

### ARGUMENT

In imposing an appropriate sentence, the Court may vary from the Guidelines range because it is advisory.  *United States v. Booker*, 543 U.S. 220 (2005).  While the Guidelines are "the starting point and the initial benchmark," a court "may not presume that the Guidelines

1

ranges is reasonable." *Id*. at 49-50.  Rather, a sentence should be imposed after consideration of all the § 3553(a) factors and "an individualized assessment based on the facts presented." *Id*.  It is within the Court's discretion to find that "a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 91 (2007).

**1.      Objections to the Presentence Report**

Mr. Charles submits two objections to the Presentence Report.  First, Mr. Charles objects to the two-level enhancement for obstruction of justice pursuant to USSG §3C1.2.  "To obtain this enhancement, the government must show that the defendant did more than merely flee; the guideline requires 'additional conduct' that creates a substantial risk of serious injury." *United States v. Lard,* 327 F.3d 551, 553 (7th Cir. 2003) (citing *United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483 (9th Cir.1997)).

Here, Mr. Charles was in the process of pulling over when he struck a state police cruiser, resulting in a low impact collision.  No one was injured.  This incident was recorded via dashcam by the state police and is available for the Court's review.  Mr. Charles acknowledges there was a collision, but does not believe this created a "substantial risk" of death or serious bodily injury. If this enhancement is removed, Mr. Charles' advisory Guidelines range becomes 292-365, followed by the §924(c) term of imprisonment.

Second, Mr. Charles objects to the base offense level calculation under §2D1.1. Specifically, Mr. Charles objects to the inclusion of 20.44 grams of fentanyl.  *See*  PSR at ¶ 13. As grounds, Mr. Charles was indicted and charged, *inter alia*, with possession with intent to distribute fentanyl on July 1, 2021.  *See* R. 10, Count 3.  On January 6, 2022, a superseding

indictment was returned dropping this count.  *See* R. 59.  The jury did not return a verdict finding any fentanyl was possessed.  *See* Verdict, R. 82.

In addition, Mr. Charles objects to the inclusion of fifteen pounds of methamphetamine allegedly sold from October – December 2020.  *See* PSR at ¶ 13.  First, this conduct occurred before the time period of the indictment (January 2021 – June 2021).  Second, the amount appears to be based solely on the testimony of a confidential informant.  This individual was not indicted federally and will not be sentenced by this Court.  Mr. Charles should not be punished for the uncorroborated statements of an informant.

**1.      The § 3553(a) Factors**

**A.      The Nature and Circumstances of the Offense**

Mr. Charles was found guilty of drug trafficking and illegally possessing a firearm.  Law enforcement conducted a traffic stop on Mr. Charles while he was on his way to a controlled buy.  Police found 1,341 grams of methamphetamine in his car.  *Id.* at ¶ 11. Mr. Charles did not have a firearm in his possession at this time.  The remaining quantity of drugs was either found during a search of Mr. Charles' house or was attributed to him by co-conspirators.  The firearms were found during the search of Mr. Charles' residence.

**B.      The History and Characteristics of the Defendant**

Mr. Charles was born in Los Angeles, California in 1970.  *Id*. at ¶ 67.  Mr. Charles dropped out of high school in the 11th grade.  *Id*. at ¶ 63. Mr. Charles began using drugs in his teenage years.  *Id.* at ¶ 62.  His first encounters with law enforcement occurred when he was 16.  *Id*. at ¶ 32.  Mr. Charles was convicted of being a felon in possession of a firearm in 2007.  *Id*. at ¶ 39.  While he did have a charge for operating a motor vehicle under the influence in 2013, Mr. Charles has had no other criminal charges since that time.

Mr. Charles has an adult daughter and two sons, ages 16 and 11. Mr. Charles' suffers from poor health. He broke his hip shortly after being incarcerated in this case. *Id.* at ¶ 60. Mr. Charles has diabetes, high blood pressure, pancreatitis, heart concerns and back and knee issues. *Id.*

**C.      The Need for the Sentence Imposed, 18 U.S.C. § 3553(a)(2)**

1.      *Seriousness of the Offense, Respect for the Law, and Just Punishment*

Mr. Charles was found guilty of serious offenses. He will receive a lengthy term of imprisonment as a result of his conviction. A sentence below 360 months, however, will accomplish the statutory requirements of acknowledging the seriousness of the offense, promoting respect for the law, and providing just punishment.

2.      *Adequate Deterrence to Criminal Conduct and Public Protection from Further Crimes*

Mr. Charles is 52 years old, and is not in good health. Thirty years' imprisonment, followed by five years' imprisonment for the §924(c) charge, is not necessary to deter criminal conduct or protect the public from Mr. Charles. Here, if the Court applies the Guidelines range calculated by the Probation Officer, Mr. Charles is facing a minimum of 35 years in prison. Even assuming Mr. Charles receives credit for good behavior, he will be facing nearly 30 years' imprisonment under the advisory Guidelines range. There is no reason to believe that Mr. Charles needs to be removed from society, and his family, until he is in his eighties. A sentence below the advisory Guidelines range can adequately deter criminal conduct and protect the public.

3. *To Provide the Defendant with Needed Educational or Vocational Training or Medical Care*

Mr. Charles needs medical treatment for his myriad of health issues, most notably his broken hip. Mr. Charles requests he be recommended to a Bureau of Prisons facility that can properly assess and treat his medical needs.

## CONCLUSION

Mr. Charles faces a significant term of imprisonment. Here, a sentence within the advisory Guidelines range is essentially a life sentence. Such a sentence is greater than necessary for a conspiracy that, as charged, lasted for only six months. The Court should utilize its discretion and sentence Mr. Charles below the advisory Guidelines range.

Respectfully submitted,

*/s/Andrew L. Sparks*
Andrew L. Sparks
Dickinson Wright PLLC
300 W. Vine Street, Ste. 1700
Lexington, Kentucky 40507
Tel: (859) 899-8700
Fax: (859) 899-8759
Email: asparks@dickinsonwright.com
COUNSEL FOR JAMES CHARLES

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send electronic notice all counsel of record.

*/s/ Andrew L. Sparks*  
COUNSEL FOR JAMES CHARLES

4877-9492-2269 v1 [100227-1]